
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50211 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00044-RGK-1 |
| v. | |
| SAMUEL BRASLAU, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 3, 2016
Pasadena, California

Before: D.W. NELSON and PAEZ, Circuit Judges, and BUCKLO,[**] District
Judge.

After a jury trial, Samuel Braslau (Braslau) was convicted of eleven counts

of mail fraud, five counts of wire fraud, and one count of making false statements

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Elaine E. Bucklo, United States District Judge for the
Northern District of Illinois, sitting by designation.

to an attorney for the Securities and Exchange Commission (SEC). Braslau appeals his conviction, his 87-month sentence,[1] and the restitution order in the amount of $1,618,697. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We **AFFIRM** Braslau's convictions on Counts 2, 4, 5, 6, 7, 8, 9, 11, 12, 13, 16, 19, 21, 22, 23, and 26, and **REVERSE** his conviction on Count 20. Because we reverse Braslau's conviction on Count 20, we **VACATE** his sentence and **REMAND** for resentencing. We **AFFIRM** the restitution order.

1. Braslau argues the evidence at trial was insufficient to convict him of the wire fraud charged in Count 20 of the indictment. The government concedes this argument. Accordingly, we reverse Braslau's conviction on Count 20 on the basis of the government's concession.

2. The district court did not constructively amend the indictment by failing to instruct that the jury must find the scheme began "in or about December 2010," as charged. The evidence supported the finding that Braslau engaged in a scheme to defraud investors through material misrepresentations and the concealment of material facts, and the evidence did not broaden the relevant time period from that alleged. Further, although the jury instructions did not include the alleged dates of

---

[1] Braslau's 87-month term consists of 87 months on each of Counts 2, 4, 5, 6, 7, 8, 9, 11, 12, 13, 16, 19, 20, 21, 22, 23, and 60 months on Count 26. The district court ordered that these terms be served concurrently.

2

the scheme, the jury was read paragraph 6 of the indictment, which states, "[b]eginning in or about December 2010, and continuing until at least in or about November 2013," Braslau engaged in a scheme to defraud. The jury also was told: "You are here only to determine whether or not the defendant is guilty or not guilty of the crimes in the indictment. Defendants are not on trial for any other conduct or offense not charged in the indictment." We conclude no constructive amendment occurred. *See United States v. Adamson*, 291 F.3d 606, 614–15 (9th Cir. 2002).

3. Braslau's claim that the district court allowed the jury to convict based on uncharged executions of the scheme fails under the fourth prong of plain error review. *See United States v. Olano*, 507 U.S. 725, 736 (1993).[2] "In conducting our review of [the fourth prong], 'we consider all circumstances at trial including the strength of the evidence against the defendant.'" *United States v. Perez*, 116 F.3d 840, 847 (9th Cir. 1997) (en banc) (quoting *United States v. Campbell*, 42 F.3d 1199, 1204 (9th Cir. 1994). A review of the record shows there was substantial evidence to support a conviction on each charged execution of the

---

[2] As Braslau conceded, plain error review applies to this claim. *See United States v. Hartz*, 458 F.3d 1011, 1019 (9th Cir. 2006).

scheme (except the execution charged in Count 20).[3] We affirm Braslau's convictions on all the mail and wire fraud counts except Count 20 "under *Olano*'s final, discretionary prong[.]" *See id.* at 848.

4. The district court did not err in rejecting Braslau's oral request for a jury instruction on 17 C.F.R. § 240.3a4-1(a)(2). Even assuming Braslau's theory of materiality "is supported by law and has some foundation in the evidence[,]" *United States v. Thomas*, 612 F.3d 1107, 1120 (9th Cir. 2010) (citation and internal quotation marks omitted), the instructions given to the jury, as reasonably understood in the context of the whole trial, adequately covered Braslau's theory, *see id.* at 1122–23. First, the jury was properly instructed on the elements of the offense and the definition of materiality. In addition, SEC attorney Marc Blau testified about the meaning of the SEC regulation, explaining that "[the SEC's issuer-based exemption means] that if somebody works for a company and . . . doesn't get paid on a transaction-based compensation structure, . . . that person would . . . be exempt from registration as a broker-dealer." Further, in his closing argument, Braslau's counsel argued that Braslau's statement was not material "to a determination by the SEC" because it "is obvious when you read the judge's

---

[3] We note that, except with respect to Count 20, Braslau does not challenge that there was sufficient evidence to convict him on each count.

instructions" that "[i]t makes no difference to the SEC whether or not it's a commission or a salary based on a sale, because they don't allow either one of them." We affirm Braslau's conviction on Count 26.

5. The district court did not err in ordering restitution in the amount of $1,618,697. Restitution in this case is governed by the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. "Nothing in the MVRA or our case law requires that the district court consider certain factors or make findings of fact on the record." *United States v. Peterson*, 538 F.3d 1064, 1077 (9th Cir. 2008).

Although the district court did not specifically state it was making findings, there is evidence in the record supporting the restitution amount and the basis of the district court's calculations is clear. *See id.* at 1077–78. The revised presentence investigation report contained a list identifying 62 victims and their individual losses, which amounted to $1,618,697 in total loss. In addition, FBI Special Agent Storer testified at trial that $1,715,272 was raised from approximately 68 investors. There was also evidence that all investors received sales literature, including a private placement memorandum, that contained, among other things, false representations concerning what percentage of investor money would be used for film production expenses. We affirm the restitution order.

6. The Fifth and Sixth Amendments do not prohibit imposing restitution based on facts not found by the jury. *See United States v. Green*, 722 F.3d 1146, 1149 (9th Cir. 2013) ("[The Ninth Circuit] has categorically held that *Apprendi* and its progeny . . . don't apply to restitution."); *United States v. Eyraud*, 809 F.3d 462, 471 (9th Cir. 2015) ("[*Green*] forecloses counsel's . . . invocation of [*Paroline v. United States*, 134 S. Ct. 1710 (2014).] . . . We held in *Green* that [*Apprendi*] does not apply to restitution orders, and *Paroline* does not invalidate that holding.").

7. In sum, we affirm Braslau's convictions on Counts 2, 4, 5, 6, 7, 8, 9, 11, 12 13, 16, 19, 21, 22, 23, and 26; reverse Braslau's conviction on Count 20; affirm the district court's restitution order; vacate Braslau's sentence; and remand for resentencing. Because we vacate his sentence, we do not reach Braslau's other challenges to his sentence.

**AFFIRMED** in part, **REVERSED** in part, **VACATED** in part, and **REMANDED**.